# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

UNITED STATES OF AMERICA    )
    )
    Plaintiff,    )
    )
vs.    )    Criminal Action No. 1:26-cr-00073
    )
JOSE LUIS PONS-PALOMARES    )
    )
    Defendant.    )
_____    )

### ORDER

On July 16, 2026, in Beckley, the United States was represented by Judson MacCallum, Assistant United States Attorney, while the Defendant, Jose Luis Pons-Palomares, was in custody and represented by Clint Carte, an Assistant Federal Public Defender. This hearing was for an Initial Appearance following the Defendant's arrest on a warrant issued based on an Indictment. Also present were Jacob Grimmett, United States Probation Officer, and Johnnie Benningfield, a court-certified Spanish interpreter.

The Court informed the Defendant of the charges in the case and his right to counsel. The Court further informed the Defendant that he was not required to make a statement and that any statement made by the Defendant may be used against him.

The Court found the Defendant qualified for court-appointed counsel based upon the financial affidavit submitted by him. Accordingly, it is hereby **ORDERED** that the Federal Public Defender's Office is appointed to represent the Defendant in this matter.

### ORDER OF RECUSAL

The Court enters this Order to place the following matters on the record.

The undersigned received two unsolicited telephone calls concerning an individual who was reportedly in the custody of U.S. Immigration and Customs Enforcement. During the first call, which was initiated by a longtime personal friend, the caller neither identified the individual by name nor indicated that any criminal matter was pending. Nothing conveyed during that conversation suggested that the inquiry related to a case pending before the undersigned. The undersigned responded only by providing the name of an attorney or law firm that handles immigration matters.

During a second unsolicited telephone call, initiated by a different longtime personal friend, the caller stated that the individual had been charged with a firearms offense. Upon hearing that information, the undersigned recognized that the matter might involve a pending case and inquired only whether the individual was the Defendant in one of the Court's pending matters. After learning that it was, the undersigned immediately terminated the conversation. No substantive discussion occurred concerning the pending case, the evidence, the merits of the charges, or any matter that could come before the Court.

At the time of the Defendant's Initial Appearance, the Court had already determined that recusal from further proceedings was appropriate. Nevertheless, in order to protect the Defendant's rights and avoid unnecessary delay, the Court limited its participation to the ministerial functions attendant to the Initial Appearance, including identifying the Defendant, advising him of the charges, informing him of his constitutional and procedural rights, and appointing counsel. The Court made no substantive rulings, addressed no contested issues, and exercised no discretion affecting the merits of the case or the rights of either party.

Although the Court is satisfied that these unsolicited communications have not affected his ability to remain fair and impartial, one of the callers has a close familial relationship with the

Defendant through her grandson, and both callers are longtime personal friends of the undersigned. Under these circumstances, the Court **CONCLUDES** that recusal is appropriate pursuant to 28 U.S.C. § 455(a) to avoid any reasonable question concerning the Court's impartiality and to preserve public confidence in the integrity of the judicial process.

Accordingly, the undersigned **RECUSES** himself from any further proceedings in this matter. The Clerk is **DIRECTED** to reassign this case to the Honorable Dwane Tinsley, Magistrate Judge. The next scheduled hearing shall proceed before Judge Tinsley on **Monday, July 20, 2026, at 2:00 p.m. in Charleston** for an Arraignment and Detention Hearing.

The Defendant is **ORDERED REMANDED** to the custody of the United States Marshal pending said hearings.

The Court **DIRECTS** the Clerk to provide a copy of this Order to counsel of record, to the Defendant, to the United States Probation Office, and to the Office of the United States Marshal.

ENTERED: July 16, 2026.

Omar J. Aboulhosn
United States Magistrate Judge

3